IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| VICTOR ALVAREZ, )<br>*a/k/a* MOHAMMAD SALMAN, )<br>  )<br>  Plaintiff, )<br>  )  CIVIL NO. 05-681-JPG<br>vs. )<br>  )<br>BILL HENDRICKS, *et al.*, )<br>  )<br>  Defendants. ) | |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

On October 4, 2005, the Court ordered Plaintiff to pay the $250 filing fee applicable to this action or, in the alternative, to file a motion to proceed *in forma pauperis*, supported by a certified copy of his prison trust fund account statement for the six-month period immediately preceding the filing of the complaint and an affidavit that includes a statement of his assets (Doc. 3). To date, Plaintiff has done neither. Instead, he has filed three separate motions in which he invokes "FRCP 4A" (Docs. 4, 5, 6).

In each of these motions, he explains that he is attempting to effect a legal name change, and that the Clerk should not have construed his filings as a new civil case. Essentially, he believes that he should not be required to pay any filing fee, as no case should have been opened. Apparently Plaintiff believes this Court has jurisdiction to issue him a new birth certificate with his new chosen name; this belief is misplaced.

To make it perfectly clear, this Court does not have the power to issue a new birth certificate or effect a legal name change. As for his original pleading (Doc. 1), it is captioned as an "arrest

warran *[sic]* or summons on a complaint Rule 4(a)" that lists countless individuals at U.S.P. Marion as defendants or respondents. The rambling prose in this document refer to terrorism, torture, and other vague allegations that can only be described as delusional. *See generally Neitzke v. Williams,* 490 U.S. 319, 327-28 (1989*).*

Because Plaintiff has failed to pay the filing fee or file a properly documented motion for leave to proceed *in forma pauperis*, he has failed to comply with an order of this Court. The tenor of his three motions indicate that he has no intention of complying with that order. Therefore, this action is **DISMISSED WITH PREJUDICE** for failure and refusal to comply with an order of this Court. FED.R.CIV.P. 41(b); *see generally Ladien v. Astrachan,* 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga,* 34 F.3d 466 (7th Cir. 1994).

**IT IS SO ORDERED.**

**Dated: November 15, 2005**

      **s/ J. Phil Gilbert**
      **U. S. District Judge**